THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00173-MR-DLH

| | |
|---|---|
| CARL WOMACK and RUTH WOMACK, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>STEVE OWENS, JOHN CARROLL, and ADENA WIDENER, )<br>)<br>Defendants. ) | <u>O R D E R</u> |

**THIS MATTER** is before the Court on the Plaintiff Carl Womack's Application to Proceed without Prepayment of Fees or Costs [Doc. 2].

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiffs, Carl Womack and his mother, Ruth Womack, bring this action against Steve Owens, the Rutherford County Clerk of Court; John Carroll, Director of the Rutherford County Department of Social Services; and Adena Widener, a social worker with the Rutherford County Department of Social Services, asserting claims under 42 U.S.C. § 1983 and other federal civil rights statutes for injuries resulting from a state court proceeding in which Ruth Womack was declared incompetent and placed in protective custody with the Department of Social Services. The Complaint, which

appears to be drafted solely by Carl Womack, asserts eleven separate causes of action against the Defendants. In Counts 1 and 2, the Plaintiffs allege that the Defendants "being friends," purportedly conspired to deny Ruth Womack's "right to a trial by jury and to appeal a court ruling" due to her age. [Doc. 1 at 5]. In Counts 3 and 6, the Plaintiffs allege that the Defendants conspired to deprive Carl Womack of his civil rights "based on [his] social class, by making up lies [about him], to keep [him] from seeing [his] mother." [Id. at 14]. In Counts 4 and 10, the Plaintiffs allege that the Defendants "conspired to deny Ruth Womack her right to an adequate defense by keeping her from getting money from her bank account." [Id. at 14, 16]. In Count 5, the Plaintiffs allege that Defendant Carroll "discriminated against Ruth Womack due to her age [and] made up lies [about] her to get her ruled incompetent." [Id.]. In Counts 7 and 8, the Plaintiffs allege that Defendant Owens intimidated and retaliated against Carl Womack for making a report to the Federal Bureau of Investigation about the alleged misconduct of the Defendants during the competency proceeding. [Id. at 14-15]. In Count 9, the Plaintiffs allege that Defendant Owens committed prosecutorial misconduct by admitting false testimony at the competency hearing and by allowing the admission of evidence that was not provided in

discovery. [Id. at 15-16]. Finally, in Count 11, the Plaintiffs allege that the Defendants were negligent in failing to prevent the conspiracy to deprive Ruth Womack of her civil rights and allowed false testimony to be presented at her competency hearing. [Id. at 16-17].

As their request for relief, the Plaintiffs seek the dismissal of the state actions against them[1] or, in the alternative, $7,000,000. [Id. at 7].

## II. STANDARD OF REVIEW

Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Id. The lack of subject matter jurisdiction is an issue that may be raised at any time. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

[1] It is unclear from the Complaint the nature of the state court proceeding pending against Carl Womack.

### III. DISCUSSION

In this action, the Plaintiffs appear to challenge the outcome of a competency proceeding in a North Carolina state court. Under the Rooker-Feldman doctrine, however, this Court does not have jurisdiction to consider the Plaintiffs' claims.

The United States Supreme Court has exclusive jurisdiction over appeals from state-court judgments. See 28 U.S.C. § 1257(a); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). As a corollary to this rule, the Rooker-Feldman doctrine prohibits "a party losing in state court . . . from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that are before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting Feldman, 460 U.S. at 486). As the Fourth Circuit has explained, "if the state-court loser seeks redress in the federal

4

district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).

The Supreme Court has cautioned that Rooker-Feldman is a "narrow doctrine" which "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Accordingly, pursuant to Exxon, the Court must examine "whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply." Davani, 434 F.3d at 718 (footnote omitted); Moore v. Idealease of Wilmington, 465 F.Supp.2d 484, 490 (E.D.N.C. 2006).

In the present case, the Plaintiffs challenge the actions of three state actors in the course of a proceeding to determine the competency of Plaintiff Ruth Womack, and they seek as relief the dismissal of that action. Because

5

the Plaintiffs do not allege any injury independent of what flows from the result of this state-court action, the Court concludes that the Plaintiffs' Complaint must be dismissed pursuant to the Rooker-Feldman doctrine for lack of subject matter jurisdiction. If the Plaintiffs wish to challenge the validity of the state court's order, they must do so in the North Carolina state courts.[2]

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit [Doc. 2] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed: July 19, 2017

Martin Reidinger
United States District Judge

---

[2] As further grounds for dismissal of this action, the Court notes that it appears from the allegations of the Plaintiffs' Complaint that a North Carolina state court has declared Plaintiff Ruth Womack incompetent. Thus, she is incapable of asserting any claims on her own behalf. Additionally, as a *pro se* litigant, Carl Womack cannot represent the interests of his mother in this action.